IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON, <br> Dallas Cnty. Jail Bookin No. 18027463, <br><br> Petitioner, <br><br> V. <br><br> DALLAS COUNTY SHERIFF, <br><br> Respondent. | § § § § § § § § § § § § | <br><br><br><br><br> No. 3:21-cv-450-N-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Gregory Robinson, a Dallas County jail pretrial detainee, faces state charges for burglary of a building and evading arrest. *See State v. Robinson*, Nos. F18540151, F18540161, F1876292, F1876293, & F1876298 (194th Jud. Dist. Ct., Dallas Cnty., Tex.).

Robinson now submits a *pro se* filing in this Court that is difficult to decipher but includes pages that could be construed as seeking compassionate release based on the COVID-19 pandemic, and his submission has been docketed as an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 3.

United States District Judge David C. Godbey referred Robinson's habeas case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas petition without prejudice to Robinson's right to pursue available state court remedies.

Insofar as Robinson is a state pretrial detainee, he "is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). His continuing detention at the Dallas County jail satisfies the first, "in custody" requirement.

But he must also exhaust his "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
> 
>   A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Numerous federal courts have recognized that "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus." *E.g.*, *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 665 (S.D. Tex. 2020). And, without doubt, "[t]he effects of the pandemic have been especially pronounced in jails." *Bodnar v. Lake Cnty. Jail*, No. 2:20-CV-157-PPS-APR, 2020 WL 1940742, at *1 (S.D. Ind. Apr. 22, 2020).

But the United States Court of Appeals for the Fifth Circuit has now held that "the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *see also id.* ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.' 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)). Both *Carson* and *Orellana* dealt with parole procedures that, if modified by the courts, would enhance a prisoner's eligibility for release but not compel that result. Similarly, that Rice might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement.").

Even if *Rice* does not foreclose a Texas pretrial detainee's requesting release based on the spread of COVID-19 through a federal habeas application, considering the allegations that Robinson makes in his construed Section 2241 petition, the pandemic alone does not "show 'exceptional circumstances of peculiar urgency'" that excuse "the exhaustion requirement" in the context of this case. *Ray*, 2006 WL 2842122, at *1 (quoting *Deters*, 985 F.2d at 795); *cf. Evil v. Whitmer*, No. 1:20-cv-343, 2020 WL 1933685, at *1, *3-*4 (W.D. Mich. Apr. 22, 2020) (concluding that a jail detainee who alleged he was "medically fragile – and particularly susceptible to respiratory infection" – seeking relief based on "the risks of infection with the COVID-19 virus in the jail environment" could not pursue "relief under § 2241 … until after [he] pursued his state court remedies").

And Robinson may still pursue remedies related to pretrial release based on COVID-19 in state court. For example, to the extent that he is being detained without bond, he could, through his court-appointed counsel, file a direct appeal. *Cf. Williams v. Texas*, Civ. A. No. H-20-1352, 2020 WL 2061520, at *2 & n.3 (S.D. Tex. Apr. 29, 2020) ("Public records reflect that Williams, who has a lengthy record of criminal offenses, is represented by counsel in his state court proceeding, which remains ongoing. Counsel has filed a motion requesting that Williams be released on bond due to concerns about COVID-19, but the trial court has not yet ruled on that request. Williams has not otherwise exhausted available state court remedies for purposes of seeking habeas review under 28 U.S.C. § 2241." (footnote omitted; further explaining available state court remedies: "A Texas pretrial detainee who has been denied bond

may file a direct appeal with the Texas Court of Criminal Appeals. *See* TEX. CONST. art. 1 § 11a(a). Likewise, a Texas pretrial detainee who complains about the amount of his bond may file an application for writ of habeas corpus to raise pre-conviction issues with the judge of the court in which he has been indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals." (citations omitted))).

Further, as other federal district courts have concluded in the context of a request for preliminary injunctive relief, even given the particular exigencies of the COVID-19 pandemic, a Section 2241 petitioner's failure to exhaust available state court remedies prevents a district court from finding that he has shown that there is a substantial likelihood that he will currently prevail on the merits of his habeas claims. *See, e.g.*, *Money v. Pritzker*, 453 F. Supp. 3d at 1103, 1136 (N.D. Ill. 2020) (denying habeas relief to a class of Cook County Section 2241 petitioners, finding that "Plaintiffs have not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so").

## Recommendation

The Court should dismiss the pending construed habeas action without prejudice to Petitioner Gregory Robinson's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 5, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE